CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
DEC - 8 2009
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **GARY STICKLEY CORDER,** <br> Plaintiff, | Civil Action No. 7:09-cv-00404 |
| v. | **MEMORANDUM OPINION** |
| **VIRGINIA COMMONWEALTH'S** <br> **EMPLOYEES, et al.,** <br> Defendants. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Plaintiff Gary Stickley Corder, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants all the employees of the Commonwealth of Virginia, employees of local governments, and other people involved in his state criminal trial. Plaintiff submitted a motion to amend the complaint that the court previously granted. This matter is presently before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the amended complaint without prejudice as frivolous.

I.

Plaintiff alleges that the defendants violated due process by convicting him despite plain errors in his indictments. Therefore, plaintiff argues, the defendants did not have jurisdiction to convict him. Plaintiff also alleges in his amended complaint that unspecified defendants violated his constitutional rights because "they" allowed plaintiff "to sign a plea agreement as his only hope." Plaintiff names various state officials, including the judge who presided over his criminal case, the prosecutor, law enforcement officers, and a least one private attorney. Plaintiff admits that he is presently incarcerated for the convictions for which he is presently suing the defendants.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[1] West v. Atkins, 487 U.S. 42, 48 (1988). However, "civil tort actions are simply not appropriate vehicles for challenging the validity of outstanding criminal judgments." Harvey v. Horan, 278 F.3d 370, 374-75 (4th Cir. 2002) (internal quotation marks omitted). Permitting civil actions to be used "for that purpose would

---

[1] An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under § 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); Polk County v. Dodson, 454 U.S. 312, 317-24 & nn.8-16 (1981) (public defender).

undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." Id. at 375. Therefore, I must consider whether a judgment in favor of the plaintiff in this suit would necessarily imply the invalidity of his conviction or sentence; if it would, I must dismiss the complaint unless the plaintiff can demonstrate that the conviction or sentence has already been favorably invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994). Favorable invalidation occurs when "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Id.

Success on plaintiff's claims clearly would imply the invalidity of his current confinement because he essentially argues actual innocence of the crimes for which he is incarcerated: if it were not for the defendants' acts depriving him of his constitutional rights, plaintiff would not have pled guilty and been convicted. Plaintiff can not prove favorable termination because he is still convicted and serving a sentence for the same convictions for which he seeks monetary relief.[2] Therefore, plaintiff pursues a meritless legal theory to attack his criminal conviction via a civil rights action without establishing any favorable termination. Accordingly, I dismiss the complaint without prejudice as frivolous. See Omar v. Chasanow, 318 Fed. App'x. 188, 189 (4th Cir. March 18, 2009) (per curiam) (modifying district court's dismissal with prejudice under Heck to be dismissed without prejudice to allow plaintiff to refile if favorable termination occurs). See also McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009)

---

[2]Plaintiff does not allege that he is barred from habeas relief, and PACER does not record any habeas action filed by plaintiff.

3

(dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

### III.

For the foregoing reasons, I dismiss the amended complaint without prejudice as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This ___ day of December, 2009.

Senior United States District Judge